**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **ANDRONICUS BERNARD LINZY,**<br>**Plaintiff,**<br><br>v.<br><br>**XAVIER BECERRA, SECRETARY**<br>**DEPARTMENT OF HEALTH AND**<br>**HUMAN SERVICES' CENTERS FOR**<br>**DISEASE CONTROL AND PREVENTION**<br>**Defendant.** | **CASE NO. 1:21-CV-4404**<br><br>**JURY TRIAL REQUESTED** IN CLERK'S OFFICE<br>U.S.D.C. - Atlanta<br><br>OCT 22 2021<br><br>KEVIN P. WEIMER, Clerk<br>By: Deputy Clerk<br>**October 22, 2021** |

## COMPLAINT

**COMES NOW** the Plaintiff, Andronicus Bernard Linzy (hereinafter Plaintiff or Mr. Linzy), and hereby complains against the above-named Defendant, as set forth herein below.

### I. JURISDICTION AND VENUE

1.      Mr. Linzy files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as the *Americans With Disabilities Act* as Amended (ADA, ADAAA), 42 U.S.C., §12101 *et. seq.*), the *Rehabilitation Act of 1973* (29 U.S.C. ?701, *et. seq.*) and the Title VII, 42 U.S.C. ?2000 *et. seq.*, as amended by the *1991 Civil Rights Act*, and 42 U.S.C. ?1981a, to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's unlawful discrimination and retaliation against him.

2.     Mr. Linzy first notified Defendant Department of Health and Human Services (hereinafter "Defendant DHHS or "Defendant CDC") of his claims of disability discrimination on or about July 14, 2017.    He then filed a complaint of disability discrimination with the EEOC in Atlanta on or about November 17, 2018.

3.     On or about December 31, 2019, Mr. Linzy filed an appeal with the EEOC Office of Federal Operations (HHS-CDC-0407-2018) to the agency's final decision.

4.     Mr. Linzy also raised claims of disability discrimination and retaliation against Defendant Department of Health and Human Services' (HHS) Centers for Disease Control and Prevention (hereinafter "Defendant CDC" or "Defendant CDC"), on or about July 12, 2017.  The CDC conducted an informal and formal investigation, and then, on July 26, 2018, it issued a Report of Investigation, which gave Mr. Linzy a Right to Request a Hearing with an EEOC Administrative Judge.  Mr. Linzy filed his Request for an EEOC Hearing on August 13, 2018.  This matter is currently pending in the Middle District of Alabama (Case No.:2:19-CV-153-MHT-SRW).

5.     Venue is proper in the Northern District of Georgia, since the alleged discriminatory actions of the Defendant DHHS/CDC occurred in Dekalb County, Georgia. Venue is also proper as to the CDC, as the discriminatory and retaliatory actions of the CDC against Mr. Linzy occurred in Dekalb County, Georgia.

## II. PARTIES

6.  Mr. Linzy is a citizen of the United States and a resident of Wakulla County, Florida and he is over the age of nineteen years.

7.  The Defendant, DHHS is a federal agency located in Washington, DC.

8. The Defendant, CDC is a federal government agency located in Atlanta, Georgia.

## III. STATEMENT OF FACTS

9. Mr. Linzy is an African-American male and has been an employee of the Defendant CDC for seventeen (20) years. His current position is Public Health Advisor, GS-12 in Dauphin County, PA. Before moving to his current position, Mr. Linzy worked for the CDC and was assigned to the Alabama Department of Public Health as a Public Health Advisor under the 'Terms of Assignment' between the State of Alabama and Defendant CDC.

10. In his previous position, he served as a Technical Advisor with the Alabama Department of Public Health (ADPH). He began his assignment in Alabama in December of 2010 as a Public Health Advisor, GS-12. He worked there until he was wrongfully reassigned to Harrisburg, Pennsylvania on February 12, 2018. Alabama refused to accommodate Mr. Linzy and requested his removal for continuing to request an accommodation.

11. Mr. Linzy suffers from a diagnosed condition of chronic arthritis of both knees and both ankles. The CDC has been aware of this condition since 2002. Mr. Linzy's transfer to Pennsylvania in 2018 did not remove DHHS/CDC's obligation and duty to provide Mr. Linzy with the requested accommodation(s) unless doing so would place an undue burden on the Defendant CDC.

12. From November of 2011 until January of 2016, Mr. Linzy was allowed to work a compressed ten-hour-day, four-day week. On December 15, 2015, he was formally told he could no longer work this compressed schedule and would have to

return to an eight-hour, five-day work week. The new schedule went into effect the first pay period in January of 2016.

13.     Mr. Linzy made a request for accommodations on May 2, 2017, for compressed schedule and to telework. The CDC evaluated his case and, in May of 2017, acknowledged that Mr. Linzy is a qualified individual with a disability.

14.     However, on or about July 5, 2017, ADPH (previous duty assignment) decided it would not accommodate Mr. Linzy. He was not given a legitimate reason why it could not provide his requested accommodation or how the accommodation would place an undue burden on the ADPH.

15.     Mr. Linzy continued to request accommodations, to be allowed to work a compressed schedule. The requested accommodations would facilitate Mr. Linzy's availability for a full 40 hour work tour each week.

16.     Defendant CDC refused to allow him to have the requested accommodation, without ever a showing that said accommodation(s) would place an undue burden on Defendant CDC. Defendant CDC's "intent to allow flexibility but maximize consistent on-site presence within host agencies" fails to satisfy an undue burden criteria.

17.     Defendant CDC employees, in the same or similar positions, who were not disabled, were permitted to have schedules with consecutive days out of the office.

18.     A Caucasian Defendant CDC employee, who was in the same or similar position, was allowed to have a schedule with consecutive days off and work from a remote location closer to his home of residence.

19.      Mr. Linzy complained of discrimination due to his race and his disability to Defendant CDC's EEO officer on or about November of 2018.

20.      When Defendant CDC did not resolve the discrimination claim, Mr. Linzy filed his complaint with the EEOC on or about November 17, 2018.

21.      Defendant CDC did offer any alternative accommodation. They merely rejected Mr. Linzy's request without ever indicating the burden it would cause the Defendant CDC.

22.      Mr. Linzy has been working (100% Telework) remotely (Achieved More Than Expected performance rating) since March 2020 further supporting his claims that the requested accommodation would not place any burden on Defendant CDC or the host area.

23.      Mr. Linzy received a Notice of Rights on August 25, 2021 from the EEOC Office of Federal Operations (OFO) (EEOC Appeal No.2020001771; Exh. 1)

24.      This Complaint is timely filed on October 22, 2021.

## COUNT I
## DISABILITY DISCRIMINATION AGAINST DEFENDANT DHHS/CDC
### In Violation of the ADA, ADAAA and Rehabilitation Act

25.      Mr. Linzy repeats, re-alleges, and incorporates by reference paragraphs 1 through 24 above, the same as if more fully set forth herein and further avers as follows:

26.      Mr. Linzy requested to be accommodated, by being allowed to work a compressed schedule—four ten-hour days.  He had been allowed to work such a schedule from November of 2011 to January of 2016.  However, without justification, ADPH suddenly stopped this accommodation. Defendant CDC failed to accommodate

Mr. Linzy's disability by willfully, and/or maliciously, denying him a reasonable accommodation, due to his physical handicap as described above.

27.    Defendant CDC claimed that it could not accommodate Mr. Linzy because of it's "intent to allow flexibility but maximize consistent on-site presence with host agencies".

28.    Defendant CDC never claimed that Mr. Linzy's requests for accommodation were unreasonable or that they would cause an undue burden on the Defendant.  In fact, Defendant CDC allowed other non-disabled employees to work from alternate locations.

29.    Mr. Linzy avers that Defendant CDC's discrimination against him is due to his disability, in violation of the Americans with Disabilities Act, as Amended 42 U.S.C. § 12101, *et seq.*, prohibiting disability discrimination.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Mr. Linzy respectfully prays that this Court grant the following relief:

   a) Judgment declaring that Defendant CDC failed to accommodate Mr.    Linzy for his disability.

   b) Judgment declaring that Mr. Linzy suffered disability discrimination by the Defendant and its agents;

   c) An award of back pay, leave, leave without pay losses and other benefits to which Mr. Linzy is entitled, from the date he was first denied accommodation until the date of this Court's judgment in his case;

d) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

e) An award of compensatory damages for mental anguish, to which Mr. Linzy may be entitled; and

f) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT II
## RACE DISCRIMINATION AGAINST ADPH
### In Violation of Title VII, 42 U.S.C. 2000 *et. seq.*

30.     Mr. Linzy repeats, re-alleges and incorporates by reference paragraphs 1-29 above, the same as if more fully set forth herein, and further avers as follows:

31.     Defendant CDC did not allow Mr. Linzy, who is African-American, to work a compressed schedule, even when he asked for this as an accommodation under the ADA.

32.     Defendant CDC allowed Caucasian employees to be out of the office on consecutive work days.

33.     Defendant CDC did not allow Mr. Linzy, who is African-American, to telework, even when he asked for this as an accommodation under the ADA.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Mr. Linzy respectfully prays that this Court grant the following relief:

a) Judgment declaring that Defendant CDC discriminated against Mr.     Linzy due to his race;

b) Judgment declaring that Mr. Linzy suffered race discrimination

by the Defendant and its agents;

c) An award of back pay, leave, leave without pay and other benefits to which Mr. Linzy is entitled, from the date he was first denied accommodation for his disability, until the date of this Court's judgment in his case;

d) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

e) An award of compensatory damages for mental anguish, to which Mr. Linzy may be entitled; and

f) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT III
## RETALIATION DISCRIMINATION AGAINST DEFENDANT DHHS/CDC

1.     Mr. Linzy repeats, re-alleges and incorporates by reference paragraphs 1-33 above, the same as if more fully set forth herein, and further avers as follows:

2.     Mr. Linzy made numerous requests for accommodations. Defendant CDC did not provide Mr. Linzy with proof that the accommodations would cause an undue burden.

3.     Even though Defendant CDC did not show that Mr. Linzy's request was an undue burden, it unlawfully limited his ability to seek accommodations that support his disability.

4.     Mr. Linzy continued to request accommodations nonetheless.     The accommodations requested were reasonable (opinion: Case No.:2:19-CV-153-MHT-SRW) and the same as always: a compressed schedule (4 – 10-hour days; Monday as

regular day off week one of the pay period and Friday as regular day off week two of the pay period).

5. On or about November 17, 2018, he filed a complaint with the EEOC, in which he complained about the Defendant CDC's refusal to accommodate him for his disability.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Mr. Linzy respectfully prays that this Court grant the following relief:

- a) Judgment declaring that Defendant CDC retaliated against Mr.Linzy after he requested accommodations and/or complained of race and disability discrimination;.

- b) An award of back pay, leave, leave without pay and other benefits to which Mr. Linzy is entitled, from the date he was first denied accommodation until the date of this Court's judgment in his case;

- c) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

- d) An award of compensatory damages for mental anguish, to which Mr. Linzy may be entitled; and

- e) Such further, other and different relief as the Court may deem appropriate and necessary.

Respectfully submitted this 22nd day of October 22, 2021.

Andronicus Bernard Linzy, Plaintiff

**PRO SE**

**PRO SE:**
**ANDRONICUS BERNARD LINZY**
9 Ruby LN
Crawfordville, Florida 32327
(850) 320-0854
Andronicus1@yahoo.com

## JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.